UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

                                                                    PLAINTIFF

v.                                                        NO. 3:20-CR-97-CRS

CLARENCE CARPENTER                                          DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of cross-motions filed by the United States and Defendant Clarence Carpenter.

Trial of this matter is scheduled to commence on March 7, 2022  Carpenter stands indicted on three counts of conspiracy to possess with intent to distribute controlled substances between January 2019 and October 13, 2020 (Count 1 – Fentanyl, 400 grams or more; Count 2 – Heroin, 100 grams or more; Count 3 – Methamphetamine, 50 grams or more), one count of possess of a firearm by a prohibited person (Count 4) and one count of possession of a firearm in furtherance of a drug trafficking crime (Count 5).  Counts 4 and 5 involve ten firearms and ammunition.

Carpenter seeks to compel the United States to "Disclose Confidential Informant(s) in Controlled Buys"  DN 28.  Specifically, as refined in his "Supplemental Reply," Carpenter seeks "the name(s) and all pertinent information concerning the CI be furnished to Defendant at least 45 days prior to trial,"  DN 32, p. 3, including "the name of the informant(s)…as well as the dates of…controlled buys and any recorded conversations which took place." *Id.*, p. 2.

Carpenter states that the United States has indicated that four controlled buys occurred.  These transactions led to the issuance of search warrants and ultimately the indictment of the defendant. Carpenter contends that "[n]o information whatsoever has been disclosed as to when or where those supposed buys occurred and how they are material in terms of the case itself."  DN 32, pp. 2-3.

The United States has revealed that it has recordings of communications allegedly between a cooperating witness and Carpenter concerning the controlled buys.  Carpenter seeks production of them in pretrial discovery under Fed.R.Crim.P. 16 which provides, in pertinent part that, "[u]pon a defendant's request, the government must disclose to the defendant and make available for inspection, copying, or photographing…any relevant written or recorded statement by the defendant if…the statement is within the government's possession, custody, or control…" R. 16(B)(i).  .  The United States has declined to produce the recordings because it contends that the identity of this witness would be revealed to Carpenter should he hear the sound of the witness' voice.  The United States acknowledges its obligation under Rule 16 to produce the recordings but has filed a motion to delay their production until trial to protect the safety of the witness.  This witness will be called to testify for the prosecution at trial and the United States has requested that it be permitted to produce the recordings shortly before the commencement of trial.  DN 27, p. 3.

Carpenter seeks production of the recordings and their revelation of the identity of the witness 45 days prior to trial.  DN 32, p. 3. Carpenter relies in large measure upon *Roviero v. United States*, 353 U.S. 53 (1957) and the principle that "the privilege not to disclose the identity of an informant is not absolute.  It is limited "where the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is

essential to a fair determination of a cause." 353 U.S. at 60-61. He asserts that there must be "a balancing of interests in protecting the flow of information against the individual's right to prepare his defense," quoting *Roviero*, 353 U.S. at 62. He contends that the identity of the informant should be revealed in advance of trial in order that he may "prepare for cross-examination as to when, where, and how these alleged controlled buys took place." DN 28, p. 3. The United States has filed a motion to defer discovery and inspection of recordings in its possession. DN 27. In its motion and supplemental brief (DN 33), the United States indicates that it seeks to delay the discovery of "certain recordings made by a cooperator at the direction of government agents" pursuant to Fed.R.Crim.P. 16(d)(1) which ensures that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The United States contends that Carpenter "would almost surely be able to glean the identity" of the individual "from the sound of [the witness'] voice," DN 33, p. 7, and cites the need to delay the defendant's receipt of these recordings until trial in order to maintain the anonymity of the witness for the witness' safety. DN 27, p. 1. At the outset we note that concern over the safety of witnesses can be a proper basis for issuance of a protective order under Rule 16.

> Although the Rule does not define 'good cause,' the Advisory Committee expressly sanctions the imposition of a protective order 'where there is reason to believe that a witness would be subject to physical ...harm[.]' " *United States v. Mitchell*, 2016 WL 7076991, at *2 (D. Me. Dec. 5, 2016); *see United States v. Fort*, 472 F.3d 1106, 1131 (9th Cir. 2007) ("The Rules Advisory Committee specifically designed Rule 16(d)(1) to provide a mechanism to protect witness safety, and to grant considerable discretion to the district court in drafting orders under that rule.").

*United States v. Darden*, No. 3:17-CR-00124, 2017 WL 3700340, at *1 (M.D. Tenn. Aug. 28, 2017). The United States has cited a number of cases in which gang membership or drug cartel affiliation were considered in assessing the potential threat to witness safety. Additionally,

protective orders have been found proper evidence of palpable potential for threats, intimidation, subornation of perjury, or physical violence exists.

In furtherance of its motion, the United States will be ordered to make its showing under Rule 16(d)(1) of "good cause" for delay in production of the recordings.  Such showing will be made in the form of a sworn written statement submitted to the Court *ex parte* and under seal. The Court will conduct an *in camera* review of the submission and determine whether the United States has shown good cause to defer production of the recordings.  No further opinion of the Court need issue.  The Court will issue a Protective Order directing the timing of the disclosure of the recordings or an Order denying the United States' motion.  If the Court issues a Protective Order, the *ex parte* statement of the United States shall be maintained in the record under seal to be made available to the United States Court of Appeals for the Sixth Circuit in the event of an appeal in this case.  This procedure accords with Rule 16(d)(1)[1] and *United States v. Pelton*, 578 F.2d 701, 706-707 (8th Cir. 1978) in which the court addressed a similar motion.  This Court need not review the recordings as the court did in *Pelton* since in this case the United States has not sought to prevent disclosure of the recordings, but rather only to delay their production.  The recordings will be produced to Carpenter for his use at trial and he may cross-examine the witness who made them. By contrast, in *Pelton*, the United States sought to prevent disclosure of the recordings at all.  The court thus reviewed the recordings to ensure that they did not contain exculpatory evidence to which the defendant was entitled.

To the extent the recordings in issue contain any exculpatory material, we remind the United States of its obligation to provide exculpatory evidence to the defendant in time for

---

[1] 16(d)(1) states "The court may permit a party to show good cause by written statement that the court will inspect ex parte.  If relief is granted, the court must preserve the entire text of the party's statement under seal….If the party fails to comply with this rule, the court may: (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;(B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter an order that is just under the circumstances.

effective use at trial. *Brady v. Maryland*, 373 U.S. 206 (1963); *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1998). Keeping this bedrock principle in mind, the United States must determine what evidence in its possession is subject to disclosure and grapple with any tension it may find between satisfying its duty of timely disclosure under *Brady* and its concerns for witness safety. Any Protective Order this Court may issue delaying the time for disclosure for good cause under Rule 16(d)(1) does not trump any other obligations of the United States.

Carpenter insists that he needs the recordings and needs to know the identity of the witness who made them 45 days before trial in order to prepare his defense. He contends that due to this expressed need, the Court must balance the right of the defendant to prepare his defense with the interest in controlling the flow of information, as set forth in *Roviero, supra.* The United States has indicated, however, that the individual in question is not a confidential informant in the classic sense and should not be treated as such for purposes of evaluating the need for pretrial disclosure under the law. Rather, the individual is a cooperating witness who will testify at trial and be subject to cross-examination like any other witness. Thus the rules of discovery apply to the production of evidence concerning this witness. DN 33, p. 2.

Carpenter states in his supplemental brief that he does not dispute the law cited by the United States but still maintains that a balancing of the interests is required, citing *United States v. Rodney*, 999 F.2d 541 (6th Cir. 1993) in addition to *Roviero*. Neither *Rodney* nor *Roviero* governs under the circumstances of this case because the individual whose identity Carpenter seeks is not a confidential informant. In *Rodney* and *Roviero*, the identities of confidential informants were kept secret under the government's qualified privilege and these individuals were not called as witnesses. The individual cooperating in this case will be identified and will testify at trial.

In *United States v. Perkins*, 994 F.2d 1184 (6th Cir. 1983), the defendant sought pretrial disclosure of the identity of a cooperating witness who implicated Perkins in the delivery of marijuana.  The court began its analysis by noting that "[o]rdinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses." 994 F.2d at 1190.  *See also United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984).  The court then noted the distinction between confidential informants such as in *Roviero* and cooperating witnesses who are identified at trial and testify for the government.

> As defendant Perkins admits in his brief, the situation in this case is unlike that in *Roviero* because Billie Jean Berry appeared and testified at defendant's trial.  This distinction has been considered an important one by several courts.[2]…[T]he government identified Berry by name in its opening statements.  She was then called as a witness and subjected to extensive cross-examination…Defendant was no more unfairly surprised by the testimony of Billie Jean Berry than he would have been by the testimony of any other government witness whose name had not been divulged to him prior to trial.

*Id.* at 1191.

Additionally, the United States provided Carpenter with a copy of the Affidavit for Search Warrant which supported the search warrants obtained for 4715 Poplar View Drive, 2 apartments (Units #A6 and #A1) in the Thorobred Apartments II on Rockford Lane, a white Chevrolet Traverse automobile, and a blue Volvo automobile.  DN 33-1.  The 24-page document contains extensive detail concerning the controlled buys arranged and conducted with the cooperating witness.  Curiously, Carpenter failed to mention the disclosure of this document and insists that "no information whatsoever has been disclosed as to when or where these supposed buys occurred and how they are material in terms of the case itself."  DN 32.

---

[2] See *United States v. Foster*, 815 F.2d 1200 (8th Cir. 1987) and *United States v. Pennick*, 500 F.2d 184 (10th Cir.), *cert. denied*, 419 U.S. 1051 (1974).

Further, to the extent Carpenter seeks some explanation from the United States concerning "how [the controlled buys] are material in terms of the case itself," he offers no authority for the proposition that the trial strategy of the United States must be revealed to the defendant pretrial.

Therefore, motions having been made and for the reasons set forth hereinabove and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The motion of Defendant Clarence Carpenter to disclose confidential informant(s) in controlled buys (DN 28) is **DENIED.**

2. **NO LATER THAN FEBRUARY 4, 2022,** The United States shall **FILE *EX PARTE* AND UNDER SEAL** a sworn written statement (1) establishing good cause under Fed.R.Crim.P. 16(d)(1) for delay in production of recordings made at the direction of government agents by its cooperating witness and (2) specifying the specific time and manner in which it proposes to provide the recordings to Defendant and justification for the proposal.

3. The motion of the United States to defer discovery/inspection (DN 27) is **HELD IN ABEYANCE PENDING *IN CAMERA* REVIEW BY THE COURT OF THE UNITED STATES' *EX PARTE* SUBMISSION.**

January 26, 2022

**IT IS SO ORDERED.**

Charles R. Simpson III, Senior Judge
United States District Court