**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**UNITED STATES OF AMERICA**                                                           **PLAINTIFF**

vs.                                                          **CRIMINAL ACTION NO. 3:20-CR-97-CRS**

**CLARENCE CARPENTER**                                                                  **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

On October 21, 2020, a grand jury returned a five-count indictment charging Defendant Clarence Carpenter with conspiring between January 2019 and October 13, 2020 to possess with intent to distribute various quantities of fentanyl, heroin and methamphetamine. The Indictment charged:

- Conspiracy to possess with intent to distribute 400 grams or more of fentanyl (Count 1);

- Conspiracy to possess with intent to distribute 100 grams or more of heroin (Count 2);

- Conspiracy to possess with intent to distribute methamphetamine (Count 3);

and charged the following firearms violations:

- Possession of a firearm by a convicted felon (Count 4); and

- Possession of a firearm in furtherance of the drug trafficking conspiracies charged in Counts 1-3 (Count 5).

Carpenter was apprehended eight months after the Indictment was returned. He was arraigned and entered a plea of not guilty to the charges on June 10, 2021. He was ordered detained pending trial and he remains in custody. Trial was scheduled for August 9, 2021 but was continued generally on motion by Carpenter. DNs 14, 15. The Court held a number of

1

status conferences (DNs 15, 17, 19, 23, 25, 26, 31). Continuances were granted with corresponding time excluded from the speedy trial period due to the need for additional time to prepare for trial. *Id.* During this preparation period, Carpenter sought and obtained review of his pretrial detention. (DNs 16, 18, 21, 22). On December 30, 2021, the Court rescheduled the trial for March 7, 2022, a date within the 70-day period in which the trial must commence in accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c)(1).

Carpenter moved for disclosure of confidential informants (DN 28) and the United States sought to defer the production of certain discovery to protect the identity of a cooperating witness. (DN 27). After further briefing (DNs 32, 33, 34, 41), the Court took these matters under advisement and ultimately ruled on the motions (DNs 37, 47).

On February 14, 2022, the United States sought an extension of time to file its pretrial memorandum, indicating that it intended to seek a superseding indictment. This prompted Carpenter to respond and move the Court to prevent the filing of new charges in the case. (DNs 55, 63). On February 16, 2022, a grand jury returned a superseding indictment charging Carpenter with:

- Conspiracy to distribute fentanyl, heroin, and methamphetamine during the period 2018 to October 7, 2019 (Count 1);

- Distribution of a substance containing fentanyl and heroin on September 2, 2020 (Count 2);

- Distribution of a substance containing fentanyl and heroin on October 1, 2020 (Count 3);

- Distribution of a substance containing fentanyl and heroin and a substance containing methamphetamine (Count 4);

- Possession with intent to distribute 400 grams or more of fentanyl on October 13, 2020 (Count 5);

- Possession with intent to distribute 100 grams or more of heroin on October 13, 2020 (Count 6);

- Possession with intent to distribute 50 grams or more of methamphetamine on October 13, 2020 (Count 7);

- Possession with intent to distribute 5 kilograms or more of marijuana on October 13, 2020 (Count 8);

- Possession of a firearm by a convicted felon (Count 9); and

- Possession of a firearm in furtherance of the drug trafficking crimes charged in Counts 5 through 8 (Count 10).

The Court held two status conferences in the matter, affording defense counsel the time needed to consult with his client concerning whether, in light of new charges brought in the Superseding Indictment, he would proceed to trial on March 7, 2022. It is, as yet, unclear whether the trial can proceed, but it remains scheduled to commence on that date.

Counsel for Carpenter indicated that he would be filing a motion to dismiss the Superseding Indictment under Fed.R.Crim.P. 48(b) and to proceed to trial on the original Indictment on March 7th. Carpenter has now filed this motion (DN 67) and the United States has responded (DN 69). Carpenter did not file a reply. The matter is ripe for review.

While long on rhetoric, Carpenter's motion is short on facts to support a violation of the Speedy Trial Act or Carpenter's 6th Amendment right. The Court will decline to dismiss the Superseding Indictment under Rule 48(b).

First, we note that there is nothing inherently improper about the United States' decision to seek a superseding indictment three weeks prior to trial. Indeed, courts in this circuit have recognized the United States' ability to supersede an indictment "at any point before trial," including "on the eve of trial." *United States v. Johnson*, 299 F.Supp.3d 909, 926 (M.D.Tenn. 2018) quoting *Thomas v. United States,* No. 1:11-CV-0038, 2011 WL 6754061, at *10

(M.D.Tenn. Dec. 23, 2011) quoting *Bordenkircher v. Hayes*, 435 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978)("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely at his discretion."). *See also*, *United States v. Wilks,* 629 F.2d 669, 672 (10th Cir. 1980)(noting "Absent prejudice to the defendant, a superseding indictment may be filed at any time before trial," finding no prejudice in return of a superseding indictment three days prior to trial as it "presented no factual questions that should not have been answered by defendant's investigation of the original Indictment.").

Carpenter's assertion that the Superseding Indictment must be dismissed for unnecessary delay under Fed.R.Crim.P. 48(b) is nothing without more meat on the bone. He must show, under any analytical rubric, prejudice. Carpenter has shown no prejudice.

Carpenter has asserted a violation of the Speedy Trial Act. None has occurred. He has asserted a violation of his 6th Amendment right to a prompt and speedy trial, which also has not been shown. Quoting *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), Carpenter notes that the 6th Amendment right, which Congress sought proactively to protect through enactment of the Speedy Trial Act, is concerned with "oppressive pretrial incarceration," "anxiety and concern of the accused," and the "possibility that the defense will be impaired." 407 U.S. at 532. We find none of those concerns threatened here.

Rule 48 states that "[t]he court may dismiss an indictment, information, or complaint if unnecessary delay occurs in (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." The United States has correctly noted that the Court does not possess unbridled discretion to dismiss indictments. *See United States v. Lovasco*, 431 U.S. 783, 790, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977)(courts may not "abort

4

criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment."). "Judges are not free, in defining 'due process,' to impose on law enforcement officials our 'personal private notions' of fairness and to 'disregard the limits that bind judges in their judicial function." *Id.* (quoting *Rochin v. California*, 342 U.S. 165, 170, 72 S.Ct. 205, 96 L.Ed. 183 (1952)). In enacting Rule 48, Congress certainly did not intend that judges would do so through imposition of a self-created definition of "unnecessary delay." The Advisory Committee Notes which accompany the 1944 adoption of Rule 48 indicate as much: "**Note to Subdivision (b).** This rule is a restatement of the inherent power of the court to dismiss a case for want of prosecution. *Ex parte Altman*, 34 F.Supp. 106 S.D.Cal." While the *Altman* case is not significant in its facts, it does reinforce the power of the court to dismiss an indictment for want of prosecution. The court stated

> We can conceive the anarchy which would result if the power to terminate a criminal proceeding for want of prosecution did not exist. Defendants might have prosecutions hang over their heads, like the sword of Damocles, for years, without an effort being made to bring them to trial. And yet, if the prosecutor should refuse to try them, and the court acquiesce, they would be at his mercy. The constitutional guaranty of speedy trial (United States Constitution, Amendment VI) would be brought to nought, if, when the court set a cause for trial and the prosecutor was not prepared to proceed, the Court were powerless to dismiss it for failure to proceed diligently.

*Altman*, 34 F. Supp. at 108.

Rule 48(b) has no application here, as there is no want of prosecution. The United States has and continues to diligently prosecute Carpenter and is ready to proceed to trial on March 7, 2022. Additionally, as there has been no Speedy Trial violation, a ruling that unnecessary delay has occurred in superseding the indictment and bringing the defendant to trial would stand diametrically opposed to the timetable authorized by the Speedy Trial Act. As explained herein, there is no attempt at restarting an expired or expiring Speedy Trial clock. There is no need.

Carpenter frames a self-serving motive in superseding the original Indictment. He outlines deficiencies in the document which he contends were discovered when the United States began preparing for trial. Carpenter argues that it is "patently unfair" that the United States has brought new charges against him at this late date. His argument is based upon the supposed "untenable position" of having "no true choice but to delay the trial without actually waiving his right to a speedy trial." DN 67, p. 2. But Carpenter is not entitled to proceed to trial on a certain date. His only right under the Speedy Trial Act is to a trial within 70 non-excludable days, which he will receive. The United States' reasons for seeking a Superseding Indictment are immaterial as it is within its discretion when and if to supersede and trial is scheduled within the speedy trial period for the charges brought within the original Indictment and carried forward.

The United States has explained that while the Superseding Indictment includes new charges, the discoverable evidence underlying all 10 charges has been known to Carpenter through investigation of the original Indictment and trial preparation.[1]

The three conspiracy counts from the original Indictment, each of which involved a different drug, have been replaced with a single conspiracy count (Count 1) in the Superseding Indictment which charges all three drugs. This new count charges conspiracy to distribute, rather than to possess with intent to distribute, the drugs. Quantities of the drugs are not specified in the new conspiracy charge. Additionally, the period of the conspiracy has been altered. The

---

[1] Carpenter claimed in his motion seeking disclosure of the United States' cooperating witness in advance of trial that he has been provided no information concerning the charges against him. As stated in our opinion delaying the release of certain recordings of the cooperating witness (DN 47), Carpenter's assertion is somewhat hyperbolic. The United States provided Carpenter with the 24-page Affidavit for Search Warrant, the Search Inventory, and photographs, among other pretrial discovery. With the filing of the Superseding Indictment, Carpenter now knows the precise dates of the controlled buys in this case. This is not groundbreaking news, however, as Defendant could narrow down to a window of mere days when these controlled buys occurred from the Affidavit, despite the redaction of exact dates and certain dialogue to maintain the anonymity of the cooperating witness. While Carpenter asserts he should be provided more information pretrial, he has not shown entitlement to identification of government witnesses in advance of trial or to a roadmap of the government's case against him.

conspiracy is now alleged to have begun in 2018 rather than January 2019, purportedly to comport with recently obtained evidence which the United States intends to offer at trial. The conspiracy period ends October 7, 2019, over a year earlier than the conspiracy counts in the original Indictment. While charged differently now, the United States asserts that Carpenter remains charged, as he was in the original Indictment, with conspiring to traffic in fentanyl, heroin and methamphetamine.

Counts 2, 3 and 4 of the Superseding Indictment charge Carpenter with distribution of particular drugs on different dates. These distribution charges apparently correspond to three controlled buys allegedly conducted between Carpenter and a cooperating witness during the course of the investigation by law enforcement. Carpenter became aware of these controlled buys during discovery and sought the identity of the United States' cooperating source.

Counts 5, 6, 7, and 8 each charge Carpenter with possession with intent to distribute a particular drug in a particular quantity on October 13, 2020. These charges apparently stem from the seizure of these drugs upon execution of a search warrant at a stash house on that date. These charges for quantities of fentanyl, heroin and methamphetamine are the same quantities of these drugs charged in the conspiracy counts in the original Indictment. Again, the defendant was already aware of the seizure of these drugs, having received in discovery the affidavit for search warrant and the search inventory.

The Superseding Indictment adds a charge for manufacturing and possessing with intent to distribute five kilograms of marijuana. The United States indicates that there was a marijuana "grow" operation discovered in the stash house on October 13, 2020 which Count 8 now charges. Carpenter was aware of the marijuana seizure, having received copies of photographs taken during the search and the search inventory.

Count 9 and 10 of the Superseding Indictment charge the same firearms violations with the exception of the correction of a number of serial numbers and descriptions of the weapons seized. Count 10 charges that Carpenter possessed the firearms in furtherance of the drug trafficking crimes charged in Counts 5 through 8 (possession with intent to distribute controlled substances) instead of in furtherance of the conspiracy charges in the original Indictment. Carpenter knew about these weapons, ten in all, as they were listed in the search inventory.

The United States has added substantive drug trafficking offenses to the charge of conspiracy. However, viewing the indictments side by side, it is clear that the Superseding Indictment is a retooling, albeit a significant retooling, of charges stemming from events encompassed in the original Indictment. Thus it does not appear that Carpenter has suffered prejudice due to delay or surprise by the charges, both reshaped and new, in the Superseding Indictment.

Second, Carpenter argues "There is certainly not time to prepare for trial on the new substantive charges contained in the superseding indictment, so the trial would need to be delayed. However, this would certainly infringe on Defendant's rights under the Speedy Trial Act." DN 67, p. 1. This statement is incorrect.

Less than seventy non-excludable days have elapsed since the date of Carpenter's first appearance.[2] The speedy trial clock ran for thirty-six days before the first motion was filed in the

---

[2] A number of cases have run the seventy-day calculation from the date of the defendant's appearance with counsel at arraignment on the charges. However, this Court will stay true to the language of the Speedy Trial Act and begin the period on June 7, 2021, the date of the defendant's first appearance in the case. 18 U.S.C. § 3161(c)(1) states that "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." Carpenter's initial appearance in this court was on June 7, 2021 and the indictment was ordered unsealed at that time. Counsel was appointed and Carpenter was arraigned on the indictment a few days later. Carpenter incorrectly contends that speedy trial should be calculated from October 21, 2020, the date of indictment. Additionally, he conducts no speedy trial calculation in his

case. Excludable time was recorded between July 14 and November 16, 2021. The clock ran for fourteen days from November 17 through 30, 2021 when a status conference was continued due to a conflict on the Court's calendar. The time between December 1 and the present date continues to be excludable time due to motion practice. As of this writing, fifty days have run off the 70-day speedy trial clock. Thus the trial set to commence on March 7, 2022 falls well within the speedy trial deadline for the original charges carried forward in the Superseding Indictment.

The Hobson's Choice which Carpenter postulates is not, in fact a choice he must make between preparing for trial and receiving a speedy trial. Carpenter asserts, without any reference to the proceedings which have taken place in this case or any calculation under the Speedy Trial Act, that "if the original indictment filed against the Defendant had been dismissed and a new indictment filed on the same day, his speedy trial clock would have concededly run." DN 67, p. 5. But the present trial date falls within the 70-day period. The need for preparation time to defend against new charges as well as any motion that might be filed seeking such additional time would generate additional excludable days both for the motion practice (§ 3161(h)(1)(D)) and would implicate the interests of justice (§ 3161(h)(7)(A); (h)(7)(B)(i); (h)(7)(B)(iv).

While the Speedy Trial Act does not entitle Carpenter to a thirty-day preparation period for the return of a Superseding Indictment, the Court has discretion whether and how much time to afford a defendant for additional preparation. *See United States v. Gallo*, 763 F.2d 1504 (6th Cir. 1985)(the appropriate period for preparation following the return of a superseding

---

motion to evidence the claimed violation. The United States Court of Appeals for the Sixth Circuit noted that the defendant bears the initial burden of identifying a specific violation of the Speedy Trial Act. Producing a calendar and showing that more than seventy days have passed since the indictment or first appearance will do. Vague allegations that a speedy trial has been denied will not. *Sylvester v. United States*, 868 F.3d 503, 507 (6th Cir. 2017), quoting *United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir. 1996).

indictment is governed by judicial discretion, not the Speedy Trial Act). As any continuance that might be sought would not engender a violation of the Speedy Trial Act, this basis for Carpenter's motion to dismiss the Superseding Indictment is without merit.

Carpenter's assertion of a 6th Amendment violation fares no better. An asserted violation of Defendant's 6th Amendment right to "a speedy and public trial" must be assessed considering the length of delay, considering only those delays attributable to the United States or the Court; the reason for the delay, the defendant's assertion of his right to a speedy trial, and prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 529-30, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

We note that "[a]lthough the passage of the [Speedy Trial] Act was in part an attempt by Congress to quantify the sixth amendment right to a speedy trial, the legislation does not purport to be coextensive with that amendment." *United States v. Gonzalez,* 671 F.2d 441, 443 (11th Cir.1982). Carpenter has not identified a "delay" with any specificity, yet he contends that the "length of the delay is sufficient to cross the first threshold question" in the 6th Amendment context. DN 67. "Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial" delay, 407 U.S., at 530–531, 92 S.Ct., at 2192, since, by definition, he cannot complain that the government has denied him a "speedy" trial if it has, in fact, prosecuted his case with customary promptness." *Doggett v. United States*, 505 U.S. 647, 651–52, 112 S. Ct. 2686, 2690–91, 120 L. Ed. 2d 520 (1992). Carpenter alleges that the filing of the Superseding Indictment crossed that threshold into presumptive prejudice because it will require him to seek a continuance of the present trial date to prepare.

In *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000), the United States Court of Appeals for the Sixth Circuit instructed that the Court must first identify the relevant period of

10

delay attributable to the United States to which the defendant addresses a constitutional challenge. *Id.* In that case, Howard was tried twice. In the first trial, there was a 3-month delay granted to allow the United States to complete testing on blood, hair and saliva samples. In the second trial, a delay of five months was granted due to the unavailability of the United States' key witness in the case. Both of these periods of delay were attributable solely to the United States. Other periods of delay were not considered, as the defendant had requested them, either individually or jointly. The court stated that "[a] delay of five months is not per se excessive under the Sixth Amendment. [citations omitted]." *See also United States v. White,* 985 F.2d 271, 275 (6th Cir.1993) (excluding from the time counted towards a Sixth Amendment violation the time during which the defendant "expressly participated in the delay.").

We do not have any frame of reference for the asserted unconstitutional delay here, as Carpenter has not sought a continuance of the March 7, 2022 trial date. He has not indicated how much time would be needed to prepare for trial on the new charges and the Court has not had the opportunity to take any such motion under advisement. Therefore, the length of a delay is, at this point, sheer speculation. However, Carpenter appears to be asserting that a delay of any length from March 7, 2022 would violate his 6th Amendment right as he is presently prepared to go to trial on the original charges.[3] But "the Sixth Amendment does not create a fixed time bar on trial initiation—a time limit after which a trial must be called off. As the Supreme Court has explained, the speedy-trial right is '*consistent* with delays' (and thus consistent with lapses of time) and 'depends upon circumstances,' as it is 'impossible to determine with precision when the right has been denied' in our system of 'swift but deliberate' justice. *Barker v. Wingo*, 407 U.S. 514, 521–22, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)(emphasis added)(quotations omitted)." *Martinez v. United States*, 828 F.3d 451, 457 (6th Cir. 2016).

---

[3] Carpenter does not contend that the March 7, 2022 trial date violates his 6th Amendment right.

11

In *United States v. Robinson*, 455 F.3d 602 (6th Cir. 2006), a case cited by Carpenter, the United States Court of Appeals for the Sixth Circuit stated that "[t]he first [*Barker*] factor is a threshold requirement, and if the delay is not uncommonly long, judicial examination ceases." 455 F.3d at 607. How then could a delay as yet unrealized and of indeterminate length satisfy the threshold requirement of *Barker* review? We could end our inquiry here under the authority of Robinson, but, to afford the defendant a fulsome review of his motion, we address the remaining *Barker* factors.

In addressing the second factor, Carpenter quotes *Robinson:* "Governmental delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the government, while neutral reasons such as negligence are weighted less heavily, and valid reasons for a delay weigh in favor of the government." Carpenter then concludes that "by the filing of the superseding indictment, the government is solely responsible for causing the delay, which this Court should determine is 'beyond simple negligence.'" DN 67, p. 9. He does not suggest that the United States acted in bad faith or for purposes of harassment, nor has he shown that it gained some tactical advantage by obtaining the Superseding Indictment. Rather, he contends that the United States must have discovered deficiencies in its original Indictment and sought to repair them prior to trial. DN 67, p. 2. He has failed to show how, if true, this would amount to more than simple negligence on the part of the United States. Additionally, the United States sought to supersede almost three weeks prior to the scheduled trial date. The same foundational facts underly the charges brough in that Superseding Indictment. Further, the United States has indicated that it sought the Superseding Indictment, in part, because it obtained additional evidence on January 11, 2022 from a previously unknown witness which warranted charging the conspiracy beginning in 2018 instead of January 2019. Carpenter has not shown

any reason for delay that should weigh heavily against the United States in this instance. If anything, the reason is neutral (negligence) or favors the United States (newly discovered evidence). *Robinson*, 455 F.3d at 607-08.

The third *Barker* factor is the assertion by the defendant of his 6th Amendment right. This is Carpenter's first assertion of his right to a speedy trial, and it was made immediately upon learning that the United States intended to seek a Superseding Indictment. This factor thus weighs in favor of Carpenter. As noted, the delay in issue has not yet occurred, as Carpenter has not moved for a continuance. He has indicated that he wishes a speedy trial, however, and does not want to waive that right.

The fourth *Barker* factor requires the defendant to show that substantial prejudice has resulted from the delay.

> If the government "prosecutes a case with reasonable diligence, a defendant who cannot demonstrate how his defense was prejudiced with specificity will not make out a speedy trial claim no matter how great the ensuing delay." *United States v. Howard,* 218 F.3d 556, 564 (6th Cir.2000). In the absence of particularized trial prejudice, delay attributable to the government's negligence "has typically been shockingly long" to warrant a finding of prejudice. *Schreane,* 331 F.3d at 559 (citing *Doggett,* 505 U.S. at 657, 112 S.Ct. 2686, involving a six-year delay). Shorter delays attributable to the government's negligence have been held not to give rise to a presumption of prejudice. *See id.* (delay of thirteen and one-half months attributable to government's negligence did not raise a presumption of prejudice).

*United States v. Robinson*, 455 F.3d 602, 608 (6th Cir. 2006).

Carpenter states that "the effect that delay has on a defendant's ability to mount a defense is 'the most serious' of the interests protected by the right, as 'the inability of a defendant to adequately prepare his case skews the fairness of the entire system.' [*Barker,*] 407 U.S. at 532, 92 S.Ct. 2182." DN 67, p. 10.

13

While recognizing this serious impairment, Carpenter does not indicate that a delay would have any effect on his ability to mount a defense in this case. Rather, he postulates that a delay is needed so that he can adequately prepare, but he does not want to ask for a continuance. Instead, he seeks to avoid defending the charges in the Superseding Indictment altogether by moving for dismissal on the ground that it was brought too late. We reiterate that the "delay" for our purposes under a 6th Amendment analysis is limited to any delay, if any, that ultimately flows from the United States' filing of the Superseding Indictment. Carpenter's assertion that any continuance of the March 7, 2022 trial which he may seek would constitute a *per se* violation of his 6th Amendment right to a speedy trial is insufficient to establish *Barker*'s fourth factor requiring Defendant to show substantial prejudice from the delay.

The Court concludes that Carpenter has failed to establish a violation of his 6th Amendment right to s speedy and public trial.

The motion of the defendant, Clarence Carpenter, to dismiss the Superseding Indictment (DN 67) is **DENIED.**

February 28, 2022

**IT IS SO ORDERED.**

Charles R. Simpson III, Senior Judge
United States District Court